IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUE BOTTLE COFFEE, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HUI CHUAN LIAO,<br><br>　　and<br><br>SOUTHERN TECHNOLOGIES, LLC,<br><br>　　　　Defendants. | Case No. 3:21-cv-06083-CRB<br><br>**ORDER DENYING MOTION FOR ATTORNEYS' FEES AND NON-TAXABLE COSTS** |

Plaintiff Blue Bottle Coffee, LLC ("Blue Bottle") sued Hui Chuan Liao and Southern Technologies, LLC (collectively, "Defendants") in connection with Defendants' sale of coffee-making products under the name "BLUE BREW." Compl. (dkt. 1). This Court recently granted summary judgment to Defendants. See MSJ Order (dkt. 210). Defendants now urge that an award of attorneys' fees and non-taxable costs is warranted because Blue Bottle's case was exceptionally weak. See Mot. (dkt. 215). As explained below, the Court DENIES Defendants' motion.

**I.　BACKGROUND**

　**A.　The Parties**

Blue Bottle is a coffee business that operates cafes and sells coffee and related goods online, in its cafes, and in retail stores. Cha Decl. (dkt. 139) ¶¶ 6, 21, Exs. 27, 28, 29. Defendant Southern Technologies, LLC ("ST") sells coffee gear and accessories under the BLUE BREW brand. de Gyarfas Decl. Ex. F (Liao Depo.) (dkt. 184-7) at 29. Defendant Liao is the founder and 95% owner of ST. Mot. at 1.

### B. Case History

Blue Bottle first learned of Defendants and the BLUE BREW mark when the United States Patent and Trademark Office (USPTO) cited the BLUE BREW mark against one of Blue Bottle's applications for the BLUE BOTTLE COFFEE mark. See USPTO Office Action (dkt. 218-3) at 4. The USPTO refused registration of the BLUE BOTTLE mark because it was confusingly similar to the BLUE BREW mark that Liao registered in March 2020. Id.; Young Decl. Ex. 13 (dkt. 185-14) at 4.

On July 15, 2021, Blue Bottle assigned all of its rights to the marks at issue in this action to Nestle. de Gyarfas Decl. Ex. S (Trademark Assignment) (dkt. 184-17). This included "the right to sue for and collect upon all claims for profits and damages as a result of past infringement." Id. at 5. Blue Bottle acknowledged that it is no longer the registrant or owner of the subject trademarks but asserted that it is the exclusive licensee as to all of the trademarks asserted in this action. See Young Decl. Ex. 43 (dkt. 185-44) (Alsterlind Depo.) at 10:21–11:23.

On November 30, 2021, Blue Bottle filed an amended complaint against Defendants, asserting two claims of trademark infringement, federal unfair competition, trademark cancellation, federal trade dress infringement, two claims of federal trademark dilution, violation of the Anti-Cybersquatting Consumer Protection Act, federal trade dress dilution, state law unfair competition, two claims of state trademark dilution, state trade dress dilution, and common law unfair competition, trade dress infringement, and trademark infringement. See generally FAC (dkt. 32). Blue Bottle later dropped seven of the claims. See Stip. (dkt. 68). In the remaining claims, Blue Bottle accused Defendants of trademark infringement, unfair competition and related California state law and common law claims as to the BLUE BOTTLE and BLUE BOTTLE BLUE marks, see FAC (Claims 1–4, 11, and 15), as well as trade dress infringement, see id. (Claim 6), and it sought cancellation of the BLUE BREW mark, id. (Claim 5).

Earlier this year, the parties filed cross-motions for summary judgment. See D MSJ (dkt. 184); P MSJ (dkt. 185). On May 7, 2024, this Court granted summary judgment to

Defendants. See MSJ Order. The Court found that Blue Bottle lacked standing to bring its federal trademark infringement claims because it failed to produce evidence that the licensing agreement granted Blue Bottle both an exclusive license and either a property interest in the trademarks or rights amounting to those of an assignee. See id. at 13. The Court also found that Blue Bottle lacked standing to bring its federal unfair competition claims because it did not point to any evidence of injury to a commercial interest in sales or reputation based on Defendants' alleged misrepresentations. See id. at 14. While Blue Bottle established standing on its cancellation claim, the Court granted summary judgment based on a full analysis of the likelihood of confusion with Defendants' BLUE BREW Mark. See id. at 18–38. Analyzing the Sleekcraft factors, AMF, Inc. v. Sleekcraft Boats, 599 F.2d 341 (9th Cir. 1979), the Court granted summary judgment to Defendants based in part on the lack of similarity in sight, sound, and meaning between the marks. See MSJ Order at 37.

Defendants now argue that they should be awarded attorneys' fees because the substantive weakness of Blue Bottle's position renders this case "exceptional" for the purposes of the Lanham Act. See Mot. at 1. Defendants point to Blue Bottle's lack of standing for several of its claims, Defendants' success on summary judgment, and Blue Bottle's alleged unreasonableness in litigating this case. See generally id. Blue Bottle responds that nothing about this case was "exceptional." Opp'n (dkt. 218).

## II.   LEGAL STANDARD

The Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." SunEarth, Inc. v. Sun Earth Solar Power Co., 839 F.3d 1179, 1180 (9th Cir. 2016) (quoting Octane Fitness, LLC v. ICON Health & Fitness, Inc., 572 U.S. 545, 554 (2014)). There is no "precise rule or formula for making these determinations," but "district courts analyzing a request for

3

fees under the Lanham Act should examine the 'totality of the circumstances' to determine if the case was exceptional." Id. at 1181.  The Supreme Court has identified a "'nonexclusive' list of 'factors,' including 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" Id.

## III.  DISCUSSION

This order addresses the following Octane Fitness factors: (A) frivolousness; (B) objective unreasonableness; and (C) considerations of compensation and deterrence.  As explained below, the Court concludes that an award of attorneys' fees is not warranted because Blue Bottle's position was not so unreasonable as to render this case exceptional.

### A.  Frivolousness

Defendants argue that the weakness of Blue Bottle's claims make this case exceptional for the purposes of the Lanham Act.  See Mot. at 4.  In support of this position, Defendants (1) raise that Blue Bottle failed to establish standing on some of its claims, (2) point to their success on summary judgment on Blue Bottle's substantive likelihood of confusion claims, and (3) assert that Blue Bottle lost on many motions decided by this Court.  Id. at 4–6.  The Court will address each argument in turn.

#### 1.  Standing Issues

Defendants first argue that this case was exceptional because "Plaintiff failed to establish any ownership interest in any mark upon which it sued Defendants because Plaintiff assigned away its rights before filing this lawsuit." Id. at 4.  They characterize Blue Bottle's failure to establish standing as "frivolous and objectively unreasonable," and contend that it "makes this case stand out from others with respect to the substantive strength of Plaintiff's litigating position." Id. at 5.

"The line distinguishing exceptional cases from non-exceptional cases is far from clear.  It is especially fuzzy where the defendant prevails," as with the Section 32 claims in this case, "due to plaintiff's failure of proof." Secalt S.A. v. Wuxi Shenxi Const. Mach. Co., 668 F.3d 677, 687 (9th Cir. 2012).  But the Ninth Circuit has "held that an action is

exceptional under the Lanham Act if the plaintiff has <u>no</u> reasonable or legal basis to believe in success on the merits." <u>Id.</u> (emphasis added). Here, Blue Bottle had a reasonable basis to believe that it had standing for its Section 32 claims.

Blue Bottle never produced its licensing agreement with Nestle. <u>See</u> MSJ Order at 13. The Court noted at summary judgment that "an exclusive licensee can have standing to bring a claim for trademark infringement, but does not always." <u>Id.</u> at 12. If Blue Bottle had presented evidence that a licensing agreement with Nestle "both grant[ed] an exclusive license and grant[ed] . . . a property interest in the trademark," it might have succeeded in establishing standing for this claim. <u>Visa U.S.A. Inc. v. First Data Corp.</u>, No. 02-1786 JSW, 2005 WL 6271242, at *3 (N.D. Cal. Aug. 16, 2005). Blue Bottle might have had a colorable theory for establishing standing on its Section 32 claims, but failed to meet its evidentiary burden.

In any case, courts in this circuit have held that failure to establish proof of standing "do[es] not rise to the high-level of frivolity required" for an award of attorneys' fees. <u>See, e.g.</u>, <u>ThermoLife Int'l LLC v. Am. Fitness Wholesalers LLC</u>, No. CV-18-04189-PHX-JAT, 2019 WL 3840988, at *10 (D. Ariz. Aug. 15, 2019) (attorneys' fees not warranted where "the Court could conceive of a situation in which Plaintiff subjectively believed—even if erroneously so—that its Lanham Act claim was not wholly frivolous"); <u>see also</u> <u>Dominick v. Collectors Universe, Inc.</u>, No. 2:12-CV-04782-ODW, 2013 WL 990825, at *3 (C.D. Cal. Mar. 13, 2013) ("Insufficient facts to establish subject-matter jurisdiction does not automatically coextend to indicate that there was absolutely no basis for Plaintiffs' belief that they could attain success on the merits."). Blue Bottle's failure to establish standing for its Section 32 claims does not render this case exceptional.

### 2. Summary Judgment on Infringement Claims

Defendants next contend that this case is exceptional because the Court granted summary judgment on several of Blue Bottle's infringement claims. <u>See</u> Mot. at 5. Ninth Circuit case law is clear that the mere fact that a party prevailed on summary judgment is not sufficient to render a case exceptional. <u>See</u> <u>Nutrition Distrib. LLC v. PEP Rsch., LLC</u>,

5

804 F. App'x 759, 760 (9th Cir. 2020) ("Nor was [plaintiff's] failure to carry its burden at summary judgment sufficient to indicate that its Lanham Act claim was frivolous or objectively unreasonable."); Seltzer v. Green Day, Inc., 725 F.3d 1170, 1181 (9th Cir. 2013) (holding that plaintiff losing on summary judgment could not establish objective unreasonability). Indeed, courts have denied awarding the prevailing party attorneys' fees in cases much weaker than Blue Bottle's. See, e.g., Applied Info. Scis. Corp. v. eBAY, Inc., 511 F.3d 966, 973 (9th Cir. 2007) (denying defendant's motion for attorneys' fees despite plaintiff "fail[ing] to produce any admissible evidence tending to show a likelihood of confusion, or address any of the Sleekcraft factors required for a likelihood of confusion analysis.") (emphasis added). An award of attorneys' fees is not warranted where a party puts forth good faith arguments and evidence supporting those claims. See Caiz v. Roberts, No. CV1509044RSWLAGRX, 2017 WL 830386, at *5 (C.D. Cal. Mar. 2, 2017).

Here, Blue Bottle's likelihood of confusion argument was rooted in good faith. Blue Bottle brought this suit because the USPTO found a likelihood of confusion between the BLUE BOTTLE and BLEW BREW Marks. USPTO Office Action at 4. Although this Court reached the opposite conclusion, the USPTO decision provided a rational, good faith basis to bring this case. The visual similarity of two marks is subjective. See GoTo.com, Inc. v. Walt Disney Co., 202 F.3d 1199, 1206 (9th Cir. 2000); Vertos Med., Inc. v. Globus Med., Inc., No. C 09-1411 PJH, 2009 WL 3740709, at *6 (N.D. Cal. Nov. 6, 2009) ("A determination that two marks are similar in 'appearance' essentially amounts to an 'I know it when I see it' analysis."). Simply because the Court resolved the infringement claims without trial does not mean that it was unreasonable for Blue Bottle to bring them.

The substance of Blue Bottle's likelihood of confusion argument further reveals that it had a good faith basis to bring suit. The Court acknowledged in its order granting summary judgment that the Sleekcraft factors were split—"some clearly favor[ed] Blue Bottle while some clearly favor[ed] Defendants." MSJ Order at 54. Accordingly, Blue Bottle "presented compelling evidence relevant to many of the Sleekcraft factors, and its case was not so weak as to 'sufficiently set [this case] apart from [the] mine-run [of] cases

1    to warrant a fee award." Globefill Inc. v. Elements Spirits, Inc., 640 F. App'x 682, 684
2    (9th Cir. 2016) (quoting Octane Fitness, 572 U.S. at 555).

### 3. Blue Bottle Losing Certain Motions

Defendants also urge that Blue Bottle "los[ing] fully or partially on almost every significant disputed motion decided by the District Court," renders this case exceptional. Mot. at 6. It does not. "If every case in which a defendant prevailed on a motion or at trial on a plaintiff's claim required an award of attorneys' fees, the Lanham Act's instruction to courts to award attorneys' fees only in exceptional cases would be meaningless." Krikor v. Sports Mall LLC, No. CV225600DMGMRWX, 2023 WL 3234333, at *4 (C.D. Cal. Mar. 31, 2023). Courts consistently hold that failure to prevail in litigation is not sufficient to make a case exceptional. See Caiz, 2017 WL 830386, at *5 (The "mere failure of proof on a claim or lack of success in a lawsuit is not sufficient to warrant a finding that a case is exceptional."); Rsrv. Media, Inc. v. Efficient Frontiers, Inc., No. 215CV05072DDPAGRX, 2017 WL 2562098, at *3 (C.D. Cal. June 12, 2017) (denying attorneys' fees after defendants prevailed on summary judgment because "position in this matter was not unreasonably or exceptionally weak"); Cambrian Sci. Corp. v. Cox Commc'ns, Inc., 79 F. Supp. 3d 1111, 1114 (C.D. Cal. 2015) ("Merely losing at summary judgment is not a basis for an exceptional case finding."). And Defendants point to nothing about the motions demonstrating that Blue Bottle was unreasonable or its positions meritless. Instead, Defendants raise garden-variety motions that Blue Bottle failed to win. See Mot. at 8–9. That does not make this case "stand[] out from others with respect to the substantive strength of [Blue Bottle's] litigating position." See Octane Fitness, 572 U.S. at 545.

### B. Objective Unreasonableness

Defendants next argue that the "objective unreasonableness" Octane Fitness factor weighs against Blue Bottle. Mot. at 1, 9. Defendants point to conduct by Blue Bottle throughout the proceedings as evidence that it "litigated this case in a negligent and unreasonable manner." Id. at 8. For example, Defendants assert that on multiple occasions, Blue Bottle referenced figures and exhibits in its filings that were non-existent,

7

1    questioned Defendants using "attorney work product" labeled exhibits, and filed
2    documents near or after midnight. Id.
3         Courts award attorneys' fees when parties behave egregiously. See, e.g., San Diego
4    Comic Convention v. Dan Farr Prods., 807 F. App'x 674, 676 (9th Cir. 2020) (upholding
5    district court's awarding of attorneys' fees where defendants "fail[ed] to comply with court
6    rules, . . . re-litigate[d] issues already decided, . . . veered into 'gamesmanship,' and [made]
7    unreasonable responses to the litigation"); Elem Indian Colony of Pomo Indians of the
8    Sulphur Bank Rancheria v. Ceiba Legal, LLP, 230 F. Supp. 3d 1146, 1150 (N.D. Cal.
9    2017) (awarding attorneys' fees where plaintiff made misrepresentations and misleading
10   statements to the court); Gametek LLC v. Zynga, Inc., No. CV 13-2546 RS, 2014 WL
11   4351414, at *3 (N.D. Cal. Sept. 2, 2014) (collecting cases). Blue Bottle's manner in
12   litigating this case was not exceptionally unreasonable.
13        While it is sloppy to reference non-existent figures and exhibits, Blue Bottle's
14   errors were not so gross or extensive as to distinguish them from run-of-the-mill mistakes.
15   And there is no evidence that Blue Bottle waived attorney work product privilege out of
16   negligence. Nor is there anything exceptional about parties filing motions late at night.
17   Thus, Blue Bottle did not litigate this case in an objectively unreasonable manner.
18        **C.   Considerations of Compensation and Deterrence**
19        Finally, Defendants argue that the Court should award them attorneys' fees because
20   doing so "would send a strong message to other litigants tempted to assert rights in marks
21   they do not have the right to enforce." Mot. at 9. As this Court has already concluded that
22   this lawsuit was neither baseless nor frivolous, there is no need to deter future plaintiffs or
23   to compensate Defendants. As explained above, Blue Bottle had a colorable basis to bring
24   this action, made good faith arguments, and put forth evidence. That Blue Bottle lost on
25   summary judgment does not obviate the legitimate bases for this suit. Thus, considerations
26   of compensation and deterrence do not apply.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendants' motion.

**IT IS SO ORDERED.**

Dated: July 24, 2024



CHARLES R. BREYER
United States District Judge